IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE L. DUNBAR, | No. C 20-7235 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE AND PARTIAL DISMISSAL** |
| v. | |
| CAPTAIN J. ARNOLD; C. FULLER; M. SOTELO; G. ANGUIANO; LIEUTENANT M. FRANGOS; LIEUTENANT TEXEIRA; LIEUTENANT S. WILLINGHAM; WARDEN DON BLOOMFIELD; T. JOHNSON; O. SERRENTINO; L. PETERS; J. VALDEZ; J. MOUA; E. SANDERS; J. BEM; R. CELIS; S. ARANA; S. LUCAS; C. CALDERON; NONAY; LIEUTENANT J. BISHOP; SERGEANT BERRY; | |
| Defendants. | |

## INTRODUCTION

Plaintiff is a California prisoner who filed this pro se complaint under 42 U.S.C. § 1983 against prison officials for violating his constitutional rights. For the reasons discussed below, certain claims are **DISMISSED** for failure to state a cognizable claim for relief, and the complaint is ordered served upon certain defendants based upon plaintiff's cognizable claims. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss

any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     LEGAL CLAIMS**

Plaintiff alleges that he received three rules violations reports ("RVRs") for indecent exposure, in May, August, and September 2020 at San Quentin State Prison. He alleges that the accusations of indecent exposure were false, and that he did not receive all of the protections required by due process of law. He further alleges that the defendants involved in reporting, investigating, and conducting disciplinary hearings regarding these incidents conspired with each other to harass and oppress him. When liberally construed, these allegations state a cognizable claim for relief under Section 1983 for the violation of his constitutional rights.

Defendants Lieutenants Texeira, M. Frangos, and S. Willingham, and Correctional Officers C. Fuller, L. Peters, S. Arena, M. Sotelo, J. Bem, T. Johnson, and G. Anguiano, allegedly participated in these violations.

The remaining claims either do not state a claim for the violation of his constitutional rights — as in the claims that certain defendants mocked, laughed at and humiliated him, and that he did not receive prisoner handbook and other forms — or are unrelated and therefore improperly joined — as in the claims that classification hearings were not properly conducted, or of not attending classification hearings — or both. Consequently the remaining claims will be dismissed.

**CONCLUSION**

For the reasons set out above,

1. The due process claims relating to plaintiff's disciplinary proceedings for indecent exposure, described above, are cognizable when liberally construed. All other claims are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Lieutenants Texeira, M. Frangos, and S. Willingham; and Correctional Officers C. Fuller, L. Peters, S. Arena, J. Bem, T. Johnson, and G. Anguiano**, at **San Quentin State Prison** and **Correctional Officer M. Sotelo** at **Folsom State Prison**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the

date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

        c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

        e.  Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

    5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

    6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

    7. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December   15   , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.